UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


ANTHONY PAUL HARVEY (#112940)

VERSUS                                      CIVIL ACTION

CHAD MENZINA,  ET AL                        NUMBER 11-418-BAJ-SCR


## NOTICE

    Please take notice that the attached Magistrate Judge's Report
has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days
after being served with the attached report to file written
objections to the proposed findings of fact, conclusions of law,
and recommendations set forth therein.  Failure to file written
objections to the proposed findings, conclusions and
recommendations within 14 days after being served will bar you,
except upon grounds of plain error, from attacking on appeal the
unobjected-to proposed factual findings and legal conclusions
accepted by the District Court.


    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE
WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, January 10, 2012.

                              _Stephen C. Riedlinger_

                              STEPHEN C. RIEDLINGER
                              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANTHONY PAUL HARVEY (#112940)

VERSUS                                      CIVIL ACTION

CHAD MENZINA, ET AL                         NUMBER 11-418-BAJ-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion to Dismiss For Failure to Exhaust Administrative Remedies and Motion to Dismiss Pursuant to FRCP Rule 12(b)(6) and 12(b)(1). Record document number 9. The motion is opposed.[1]

Pro se plaintiff Anthony Paul Harvey, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James M. LeBlanc, Warden N. Burl Cain, Camp J Warden Chad Menzina and unidentified assistant wardens of security on the A and B shifts.[2] Plaintiff alleged that he was subjected to unconstitutional conditions of confinement in violation of his constitutional rights.

**I. Background**

Plaintiff alleged that on August 23, 2010, the inmates housed

---

[1] Record document numbers 11 and 12.

[2] The unidentified assistant wardens of security on the A and B shifts were not served with the summons and complaint and did not participate in the defendants' motion to dismiss.

at Camp J on the Cuda unit, except for inmates such as himself housed on the 3 Left tier, were relocated while renovations were made. Plaintiff alleged that he was exposed to harmful, noxious chemicals which triggered a migraine headache.

Defendants moved to dismiss the complaint pursuant to Rules 12(b)(1) and(6), Fed.R.Civ.P., for failure to state a claim upon which relief can be granted and for failure to exhaust administrative remedies.

## II. Applicable Law and Analysis

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662,____, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows

that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (citations omitted). But even a pro se complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Id.* at 1949-50 (internal quotation marks omitted).

**A. Failure to Exhaust Administrative Remedies**

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is

pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part* by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *Id.*, 126 S.Ct. at 2389-90. The § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003). A court can dismiss a case prior to service on the defendants for failure to state a claim, predicated on failure to exhaust administrative remedies, if the complaint itself makes clear that the prisoner failed to exhaust. *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).

Plaintiff acknowledged in Part II. C. of his complaint that he filed Administrative Remedy Procedure ("ARP") LSP-2011-0870 which was rejected on May 3, 2011, on grounds that it was not filed timely.[3]

Plaintiff alleged that he filed an ARP on August 26, 2010. Plaintiff alleged that on March 28, 2011, he wrote a letter to the Legal Programs Department inquiring about the status of all his pending ARPs.[4] Plaintiff was advised that he had no ARPs pending in the system.[5] Plaintiff alleged that he resubmitted the ARP which was then rejected as untimely.

In accordance with the Adult Administrative Remedy Procedures, an inmate commences the process by writing a letter to the warden in which he briefly sets out the basis for his claim and the relief sought. La. Admin. Code tit. 22, pt. I § 325(G)(1)(a). The request shall be screened by the ARP screening officer and a notice will be sent to the inmate advising that his request is being processed or is rejected. *Id.* The warden shall respond to the inmate within 40 days from the date the request is received at the first step. *Id.* An inmate who is dissatisfied with the first step response may appeal to the secretary of the Department of Public Safety and Corrections by so indicating in the appropriate space on

---

[3] Record document number 1, p. 12, Exhibit C.

[4] *Id.* at p. 11, Exhibit B.

[5] *Id.*

the response form and forwarding it to the ARP screening officer within 5 days of receipt of the decision. *Id*. at § 325(G)(2)(a). A final decision will be made by the secretary and the inmate will be notified within 45 days of receipt. *Id*.

The procedure provides that the process shall not exceed 90 days from the initiation to completion unless an extension has been granted. *Id*. at § 325(G)(4)(a). Absent an extension of the time limits, expiration of response time limits entitles an inmate to move on to the next step in the process. *Id*.

Assuming the plaintiff submitted an ARP on August 26, 2010, he made no further inquiry about its status for seven months – even though the entire ARP process should have been completed in about three months. Not surprisingly, when the plaintiff submitted his second ARP in March 2011 it was rejected as untimely.

It is apparent on the face of the complaint that the plaintiff failed to exhaust available administrative remedies regarding the claims raised in the complaint prior to filing suit, as required by 42 U.S.C. § 1997e(a).

**B. Failure to State a Claim**

Alternatively, the plaintiff's complaint is subject to dismissal for failure to state a claim upon which relief can be granted.

**1. Official Capacity**

Defendants moved to dismiss arguing that they are entitled to

Eleventh Amendment immunity insofar as the plaintiff sued them in their official capacity.

The distinction between personal and official capacity suits was clarified by the U.S. Supreme Court in *Hafer v. Melo, et al,* _ 502 U.S. 21, 112 S.Ct. 358 (1991). A suit against a state official in his official capacity is treated as a suit against the state. *Id.*, 502 U.S. at 25, 112 S.Ct. at 361, *citing Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985). Because the real party in interest in an official-capacity suit is the governmental entity and not the named individual, the "entity's `policy or custom' must have played a part in the violation of federal law." *Graham, supra*, at 166, 105 S.Ct. at 3105.

Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under of color of state law. A showing that the official, acting under color of state law, caused the deprivation of a federal right is enough to establish personal liability in a section 1983 action. *Hafer*, 502 U.S. at 25, 112 S.Ct. at 362.

*Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989), makes it clear that the distinction between official-capacity suits and personal-capacity suits is more than a "mere pleading device." Officers sued in their personal capacity come to court as individuals. A state official in his or her official capacity, when sued for injunctive relief, would be a

person under section 1983 because official-capacity actions for prospective relief are not treated as actions against the state. *Will*, 491 U.S. at 71, 109 S.Ct. at 2311, n. 10, *quoting Kentucky v. Graham*, 473 U.S. at 167, 105 S.Ct. at 3106, n. 14. Thus, the plaintiff may recover money damages against the defendants insofar as the defendants were sued in their individual capacities for actions taken by them under color of state law which caused the deprivation of constitutional rights. However, since the plaintiff did not seek prospective injunctive relief his claims against the defendants in their official capacities are not actionable under § 1983. Of course, the plaintiff must prove a deprivation of a constitutional right to obtain relief in the form of damages.

### 2. Respondeat Superior

Plaintiff named Secretary LeBlanc, Warden Cain and Warden Menzina as defendants but failed to allege any facts against them which rise to the level of a constitutional violation.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Plaintiff's allegation that Secretary LeBlanc, Warden Cain and Warden Menzina are responsible for the actions of their subordinates is insufficient to state a claim under § 1983. *Monell*

*v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

## Conclusion

Plaintiff's complaint should be dismissed without prejudice for failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a), and with prejudice to refiling the complaint in forma pauperis.[6]  Alternatively, the plaintiff's complaint should be dismissed because it fails to state a claim against defendants Secretary LeBlanc, Warden Cain and Warden Menzina upon which relief can be granted and without leave to amend the complaint because there are no facts the plaintiff can allege against these defendants which rise to the level of a constitutional violation.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed without prejudice for failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a), and with prejudice to refiling the complaint in forma pauperis.

Alternatively, it is the recommendation of the magistrate judge that the defendants' motion to dismiss for failure to state a claim upon which relief can be granted without leave to amend the complaint, that the claims against the unidentified assistant

---

[6]  *Underwood v. Wilson*, 151 F.3d at 296.

9

wardens of security on the A and B shifts be dismissed pursuant to Rule 4(m), and this action be dismissed.

Baton Rouge, Louisiana, January 10, 2012.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE